UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:23-CV-00047-EBA

LINDA GIBBS,                                                                                                    PLAINTIFF,

V.                     **MEMORANDUM OPINION & ORDER**

KILOLO KIJAKAZI,
*Acting Commissioner of Social Security*,                                                       DEFENDANT.

*** *** *** ***

INTRODUCTION

Plaintiff, Linda Gibbs, appeals the Acting Social Security Commissioner's denial of her application for Disability and Disability Insurance Benefits ("DIB"). [R. 1]. Alternatively, Gibbs requests that the Court remand this case for a new hearing on the matter. [*Id.* at pg. 2]. Gibbs alleges that the Administrative Law Judge ("ALJ") improperly denied her disability benefits for two reasons: (1) the ALJ failed to properly address Plaintiff's mental and physical impairments in determining her Residual Functional Capacity ("RFC")[1]; and (2) the ALJ incorrectly evaluated the medical opinions of Gibbs' treating providers and prior administrative medical findings. [R. 13-1]. Gibbs and the Acting Commissioner filed briefs in support of their respective positions. [R. 13-1; R. 15]. So, this matter is ripe for review. The Court will affirm the Acting Commissioner's final decision for the reasons below.

---

[1] Residual functional capacity "is the most an adult can do despite his or her limitation(s)." 84 Fed. Reg. 22,924, 22,925 (May 20, 2019).

FACTS AND PROCEDURAL HISTORY

Linda Gibbs is approximately 53 years old with an associate degree who previously worked as a medical records clerk for Harland Northwest Regional Hospital. [R. 10 at pgs. 122, 124]. Gibbs was involved in two car accidents, one in 1997 and the other in 2018, and must contend with multiple physical and mental impairments. [*Id.* at pg. 124]. At the time of her application for disability benefits, Gibbs suffered from multiple medical conditions, including obesity, plantar fasciitis, plantar fascial fibromatosis, obstructive sleep apnea, asthma, depression, and anxiety. [*Id.* at pg. 73]. Gibbs also testified that she suffers from pain in her hips, back, leg, knee, and joints, and from mental impairments that make it difficult for her to focus, read, and write. [*Id.* at pgs. 126, 131–134]. As a result of these medical conditions, Plaintiff filed an application for DIB on June 17, 2021, for the period beginning on March 27, 2020. [*Id.* at pg. 71]. The application was then denied on January 15, 2022, and was denied again upon reconsideration on May 6, 2022. [*Id.*].

Gibbs then filed a request for a hearing before an ALJ on June 14, 2022. [*Id.*]. ALJ Boyce Crocker held a telephonic hearing on the matter on October 5, 2022. [*Id.*]. During the hearing, Plaintiff moved to have the alleged onset date changed to October 1, 2020, which was granted. [*Id.* at pgs. 123–124]. The ALJ determined that the last day Plaintiff would meet the insured status requirements under the Social Security Act is December 31, 2025—so the applicable time period for this case is October 1, 2020, to the present. [*Id.* at pg. 73].

ALJ Crocker issued his decision finding that Gibbs "has not been under a disability within the meaning of the Social Security Act from October 1, 2020, though the date of this decision" and denying claimant's DIB application on October 25, 2022. [*Id.* at pg. 72]. In addition, Crocker determined that Gibbs had the RFC to do light work with certain conditions and that while the

claimant may not be able to perform past relevant work, there are jobs that exist in significant number that she would be able to perform, such as officer helper, mailing clerk, and mailroom worker. [*Id.* at pgs. 76–83]. Gibbs then sought to have the Appeals Council review the ALJ's decision, but the Appeals Council denied this request for review on May 11, 2023. [*Id.* at pg. 6]. Because the Appeals Council declined review, the ALJ's decision became the Acting Commissioner of Social Security's final decision, which is subject to judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

Now, Gibbs requests judicial review of ALJ Crocker's decision. [R. 1]. She presents two issues in this appeal. *First*, Gibbs argues that the ALJ did not properly consider her physical and mental impairments in making his RFC calculation. [R. 13-1 at pg. 9]. *Second*, Plaintiff asserts that the ALJ failed to properly assess the medical records and opinions of Gibbs' treating providers and prior administrative medical findings when making his determination that claimant was not disabled. [*Id.* at pgs. 9–10].

STANDARD OF REVIEW

A court reviewing the Social Security Commissioner's conclusions must affirm unless it determines that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). "Substantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Hum. Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (quoting *Brainard v. Sec'y of Health & Hum. Servs.*, 889 F.2d 679, 681 (6th Cir. 1989)); *Sias v. Sec'y of Health & Hum. Servs.*, 861 F.2d 475, 479 n.1 (6th Cir. 1988). The Commissioner's findings "as to any fact if supported by substantial evidence

shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citing U.S.C. § 405(g)). It's important to note that where, as here, the Appeals Council declines to review an Administrative Law Judge's decision, that decision becomes the final decision of the Commissioner for purposes of judicial review. *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 550 (6th Cir. 2010).

A reviewing court owes the Commissioner great deference.[2] In conducting its review, a court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)). Consequently, an administrative decision is not subject to reversal even if substantial evidence would have supported the opposite conclusion. *See id.* at 714 (quoting *Bass*, 499 F.3d at 509). In other words, even if the Court would have resolved the factual issues differently, the Administrative Law Judge's decision must stand if supported by substantial evidence. *Id.*; s*ee also Tyra v. Sec'y of Health and Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990). That said, a reviewing court may consider evidence not referenced by the Administrative Law Judge. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). However, an ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)) (internal quotation marks omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id.* at 1154 (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).

---

[2] "Precisely because agency action often takes the form of determination of general statutory principles, agencies are often in the position of architects carrying out a commission whose broad goals have been set by Congress. Judges should thus afford agencies leeway to carry out the task of the architect." ADRIAN VERMEULE, COMMON GOOD CONSTITUTIONALISM 152 (2022).

Administrative Law Judges are tasked with conducting a five-step analysis to determine whether a person is disabled within the meaning of Title II. 20 C.F.R. § 404.1520(4). The five steps are:

>   (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
>   (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
>   (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.
>
>   (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
>
>   (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

*Id.*

Generally, the burden of proof rests with the person claiming benefits. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). However, if the ALJ reaches the fifth step of the analysis, the burden shifts to the Commissioner to demonstrate that jobs exist within the national economy that can align with the claimant's residual functional capacity, age, education, and past work experience. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999).

ANALYSIS

A

Gibbs first argues that the ALJ failed to properly consider her mental and physical impairments in rendering his decision and "the ALJ's failure to address these conditions as being severe or non[-]severe is completely unsupported by the record." [R. 13-1 at pg. 9]. Specifically, Plaintiff alleges that ALJ Crocker failed to properly evaluate her claims regarding pain in her back, hips, legs, feet, and joints and "failed to address the Claimant's psychological diagnosis which included major depressive disorder, generalized anxiety disorder, seasonal effective disorder, obsessive compulsive disorder and situational depression." [*Id.*]. Based on these arguments, the issue becomes whether the ALJ properly considered these physical and mental impairments at Step Two of the Five-Step analysis discussed above.

As the Acting Commissioner points out though, "Plaintiff fails to support her claim with any citation to the record." [R. 15 at pg. 9]. While Gibbs does cite the record to establish her medical history and treatment [*see* R. 13-1 at pgs. 5–7], none of these citations appear in her argument section. [*Id.* at pgs. 9–11]. Rather, Gibbs mentions Mrs. Cook's, Dr. Amburgey's, and Dr. Onaeko's findings without a citation to the relevant medical records. [*Id.* at pg. 9]. As the Sixth Circuit has held in the past, issues that are only referred to in a perfunctory manner and are not developed by the party are deemed to be waived. *See Moore v. Comm'r of Soc. Sec.*, 573 F. App'x. 540, 573 (6th Cir. 2014); *Arvin v. Saul*, No. 6:19-CV-85-REW, 2020 WL 1942291, at *6 (E.D. Ky. Apr. 22, 2020) ("It is not the Court's job to mine the record for proof of disability. *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997) ("Claimant has the ultimate burden of proving the existence of a disability."); *cf. Brenay*, 709 F. App'x at 337 (Judges "are not like pigs, hunting for truffles buried in briefs" (citation and quotation marks omitted)).

Gibbs has failed to properly develop her argument on this issue with citations to the record. However, this argument must still fail even if it is analyzed on its merits. As previously stated, ALJ Crocker found that Gibbs suffered from the following severe impairments: obesity, plantar fasciitis, plantar fascial fibromatosis, obstructive sleep apnea, asthma, depression, and anxiety. [R. 10 at pg. 73]. Additionally, the ALJ found that Plaintiff suffered from the following non-severe impairments: hypothyroidism, gastroesophageal reflux disease, and hyperlipidemia. [*Id.* at pg. 74]. ALJ Crocker then discussed in his opinion the other impairments Gibbs has raised in her appeal with the following:

> The claimant alleged disability due to severe, recurrent major depression; generalized anxiety disorder; seasonal affective disorder; obsessive-compulsive disorder; situational depression; moderate obstructive sleep apnea; asthma with breathing difficulties; pain; a back injury; arthritis/degenerative joint disease; Achilles' tendonitis; plantar fasciitis with problems walking; and hypothyroidism (2E). Upon appeal, the claimant reported that her conditions worsen in the winter and with cold weather (7E, 10E). She also reported that her mental health symptoms are so severe at times that it renders her unable to get out of bed or leave the home (7E, 9E, 10E). She complained of widespread joint pain and stiffness (4E, 8E, 9E). Her pain limits her daily activities and affects her ability to think and concentrate (4E). At the hearing, the claimant testified that she has difficulty concentrating and noted that she has trouble using her hands (Hearing Testimony). She reported being able to sit or stand for fifteen minutes (Hearing Testimony). She also testified that she could lift up to ten pounds (Hearing Testimony). Further, she testified that she has crying episodes (Hearing Testimony). The claimant also alleged limitations to lifting, squatting, bending, reaching, walking, sitting, kneeling, talking, stair climbing, remembering, completing tasks, concentrating, understanding, following instructions, using her hands, and getting along with others (5E, 9E). As far as medication side effects, the claimant experiences some sleepiness, dry mouth, heartburn, nausea, constipation, fatigue, forgetfulness, brain fog, and trouble sleeping (4E, 5E, 9E).
>
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

[*Id.* at pg. 77].

ALJ Crocker then discussed these conditions and stated that "there is overlap in symptomology between different mental impairments and the nature of mental diagnoses is inherently subjective." Accordingly, ***the claimant's psychological symptoms and their effect on functioning have been considered together, instead of separately, regardless of the diagnostic label attached.***" [*Id.* at pg. 78 (emphasis added)]. The ALJ also examined Gibbs' medical history as it relates to her physical impairments, including the fact that no imaging studies had been conducted on her back. [*Id.*]. ALJ Crocker then summarized his findings on Plaintiff's reported issues and his RFC calculation with the following:

> When considering the overall evidence, including the claimant's reported pain, overall treatment, exam findings, reported difficulties, obesity, and third-party statement, it supports a limitation to the light exertional level light work except she can occasionally climb ramps and stairs; no ladders, ropes, or scaffolds; and can occasionally stoop, kneel, crouch, and crawl. Given her asthma, she needs to avoid concentrated exposure to pulmonary irritants. Further, her reported pain, sleep apnea, and medication side effects, including brain fog and sleepiness, supports that the claimant needs to avoid even moderate exposure to unprotected heights and moving machinery. The claimant's mental health symptoms, exam findings, reported difficulties with memory and concentration, and medication side effects, supports that the claimant can perform simple, routine work tasks for extended periods of two-hour segments. Considering her reported difficulties with interacting with others, she can have occasional interactions with members of the public, but frequent interactions with co-workers and supervisor. Additionally, considering her mental health symptoms, frustration, and limited insight and judgment, she can adapt adequately to situational conditions and changes in a routine work setting. However, no additional limitations are supported and the claimant's statements about the intensity, persistence, and limiting effects of her symptoms are inconsistent with the evidence.

[*Id.*]. The ALJ also noted that Gibbs' statements about the intensity, persistence, and limiting effects of these conditions were not consistent with her medical records because "[w]hile she reported being able to sit or stand for fifteen minutes and noted difficulties walking, no sitting difficulties were reported on exam, she had an intact gait, and did not use an assistive device for ambulation. . ." and "[w]hile she alleged limitations to remembering, completing tasks,

concentrating, understanding, and following instructions, the claimant had an intact memory, attention, and concentration." [*Id.* at pg. 79].

Pursuant to 20 C.F.R. § 404.1521, "a physical or mental impairment must be established by objective medical evidence from an acceptable medical source. We will not use [claimant's] statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s). After we establish that [claimant has] a medically determinable impairment(s), then we determine whether [claimant's] impairment(s) is severe." Further, "disability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it." *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) (citing *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir.1988)). "The ALJ is ultimately responsible for determining a claimant's RFC based on relevant medical and other evidence in the record." *Bingaman v. Comm'r of Soc. Sec.*, 186 F. App'x 642, 647 (6th Cir. 2006) (citing 20 C.F.R. § 404.1546(c), § 404.1545(a)(3)). "[I]f substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir.2005)). The Sixth Circuit has also held that "'[a]lthough required to develop the record fully and fairly, an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered.'" *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004) (quoting *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir.2000)). Finally, as previously mentioned, the Plaintiff "retains the burden of proving her lack of residual functional capacity." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (citing *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir.1999)).

Here, while the ALJ did not explicitly discuss Plaintiff's back pain and related physical impairments and the aforementioned mental impairments in his Step Two analysis, he did discuss and analyze these conditions in his opinion. [*See* R. 10 at pg. 78]. Further, ALJ Crocker also explicitly discussed Gibbs' complaints of back pain and issues with concentrating and following instructions and found that these complaints were not consistent with the medical record.[3] [*Id.* at pg. 79]. Because these complaints are not consistent with the medical records, ALJ Crocker did not classify these conditions as medically determinable impairments, hence why they were not identified as severe or non-severe. As the Acting Commissioner points outs, "Plaintiff's argument is devoid of citation to the record and fails to establish that these alleged issues resulted form additional medically determinable impairments." [R. 15 at pg. 10]. Plaintiff has therefore failed to satisfy her burden of proof that these conditions should have been classified as medically determinable impairments and thus this argument must fail.

B

Next, Gibbs asserts that "the ALJ failed to properly assess a number of portions of the medical evidence in this matter, especially, the opinions of the Claimant's treating physicians." [R. 13-1 at pg. 9]. Plaintiff specifically alleges that ALJ Crocker failed to properly consider Dr. Onaeko's, Dr. Amburgey's, and Mrs. Cook's findings. [*Id.* at pgs. 9–10]. While Plaintiff does acknowledge that ALJ Crocker did not need to give any controlling weight to these opinions, claimant maintains that he was required to consider several factors when evaluating these opinions and that "[t]he ALJ disregarded all three of these opinions but did so without laying a proper

---

[3] ALJ Crocker specifically noted, and a review of the medical records confirms, that the medical records indicated that Gibbs had a normal gait, did not need an assistive device to walk, did not have issues sitting down, and had an intact memory, attention, and concentration. [*See* R. 10 at pgs. 79, 408, 1008, 1039–1040, 1327, 1332, 1349, 1392–1393, 1420–1421, 1451, 1462].

foundation to explain the reasoning for placing greater value on non-examining physician opinions." [*Id.* at pg. 11].

The Acting Commissioner argues, however, that the ALJ properly considered each of these opinions pursuant to the factors outlined in 20 C.F.R. § 404.1520c. [R. 15 at pg. 11]. The Acting Commissioner also avers that ALJ Crocker properly considered Gibbs' medical records when analyzing each of these opinions and that "[t]he treatment records, containing largely normal findings, provided a proper basis for the ALJ to find these opinions unpersuasive." [*Id.* at pg. 13 (citation omitted)].

As the Acting Commissioner alludes to, 20 C.F.R. § 404.1520c specifically states that, "[w]e will not defer or give any specific evidentiary weight, *including controlling weight*, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." (emphasis added). The regulation goes on to state that supportability ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.") and consistency ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.") are the two "most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be." 20 C.F.R. § 404.1520c(b)(2) & (c)(1)-(2).

As part of his decision, ALJ Crocker discussed several providers' opinions and findings. [R. 10 at pgs. 79–82]. First, he discussed the findings of Drs. Meece and Back, who found that

Gibbs could perform medium work, but the ALJ found that "the overall evidence supports a limitation to the light exertional level." [*Id.* at pgs. 79–80]. The ALJ then discussed the findings of Clarissa Roan-Belle, Ph.D., and Dan K. Vandiver, Ph.D., both of whom are state agency consultants. [*Id.* at pg. 80]. Both consultants found that Gibbs "can understand, remember, and carryout [*sic*] detailed tasks, but without complex duties; sustain attention, concentration, and pace for extended periods of two-hour segments for simple and detailed tasks; interact occasionally with the public; and adapt to changes in a routine work setting." [*Id.*]. However, ALJ Crocker found that these opinions were not entirely persuasive or supported by the record and found that "the overall evidence supports a more restrictive limitation to simple and routine tasks." [*Id.*].

The ALJ then discussed Dr. Onaeko's, Dr. Ambugery's, and Mrs. Cook's opinions. [*Id.* at pgs. 80–81]. ALJ Crocker found that Dr. Onaeko's findings were mostly persuasive as they were supported by a detailed exam and determined that "the overall evidence supports a limitation to the light exertional level with limitations regarding exposure to respiratory irritants." [*Id.*]. The ALJ then examined Dr. Ambugery's opinion and found that it was not persuasive because it was inconsistent with the medical records and cited to multiple instances in the record that contradicted her findings and supported his conclusion that the records were "not consistent with the extent of the opined limitations." [*Id.* at pg. 81]. Finally, the ALJ analyzed Mrs. Cook's findings and determined that her opinion was not supported by the medical records and cited instances in the record that contradicted her findings. [*Id.*].

As the Acting Commissioner points out, the ALJ properly examined each of these opinions and considered the supportability and consistency factors described in 20 C.F.R. § 404.1520c when determining whether those opinions were persuasive or not. [R. 15 at pg. 12]. The ALJ cited Plaintiff's medical records to support his analyses of the supportability and consistency factors and

conclusions and explained why he found some opinions more persuasive than others. [R. 10 at pgs. 79–82]. In fact, ALJ Crocker himself stated that he found Dr. Onaeko's findings "mostly persuasive" and explained that his concern with her opinion was that she "was vague regarding what constituted prolonged standing and walking." [*Id.* at pgs. 80–81]. While the ALJ could have used other factors to evaluate each of these opinions, 20 C.F.R. § 404.1520c(b)(2) holds that "we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision. We may, **but are not required to**, explain how we considered the factors in paragraphs (c)(3) through (c)(5) of this section, as appropriate, when we articulate how we consider medical opinions and prior administrative medical findings in your case record." (emphasis added) *See also Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 905 (E.D. Mich. 2021) ("[T]he regulations only require ALJs to discuss the first two — supportability and consistency. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2)."). ALJ Crocker was therefore not required to examine any other factors beyond the supportability and consistency factors and his opinion indicates he properly considered those issues.

      Finally, ALJ Crocker references Gibbs' medical records multiple times to demonstrate how these providers' opinions contradicted the evidence in the record. [R. 10 at pgs. 80–81]. The Sixth Circuit has previously upheld decisions to discount treating providers' opinions when they are contradicted by the medical record. *See Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 786 (6th Cir. 2017) (holding that the ALJ's decision to discount a provider's opinion was proper when it was inconsistent with prior MRI results); *Nasser v. Comm'r of Soc. Sec.*, No. 22-1293, 2022 WL 17348838, at *2 (6th Cir. Dec. 1, 2022) (substantial evidence existed to support ALJ's decision to find a provider's opinion was unpersuasive when it was inconsistent with the claimant's treatment

records). The treatment records ALJ Crocker cited show Gibbs had a normal gait, intact sensation and reflexes, normal musculoskeletal strength, intact memory, intact attention and concentration, and appropriate though content, all of which support his analyses of these opinions. [*See* R. 10 at pgs. 408, 998, 1000, 1008, 1040, 1327, 1332, 1368, 1370, 1449, 1451]. Substantial evidence therefore exists to support his findings on these providers' opinions and this argument must therefore fail.

CONCLUSION

Linda Gibbs appealed the Acting Commissioner's final decision that she is not entitled to disability insurance benefits. Gibbs argues that the Administrative Law Judge's failure to properly examine and consider her physical and mental impairments and his failure to properly evaluate her treating providers' opinions necessitates a reversal of the ALJ's decision or a remand of the matter for another hearing. But the record indicates that the ALJ properly considered Plaintiff's medical conditions and impairments and the opinions of her providers and thus there is substantial evidence to support his findings. Plaintiff has failed to satisfy her burden of proof to warrant a reversal of ALJ Crocker's decision or a remand of this matter for another hearing. The Acting Commissioner's final decision is therefore AFFIRMED. A separate judgment will follow.

Signed November 17, 2023.



**Signed By:**
*Edward B. Atkins* *EBA*
**United States Magistrate Judge**